UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-61161-CIV-SINGHAL

RUNWAY 84, INC., & RUNWAY 84
REALTY, LLC d/b/a ANTHONY'S
RUNWAY 84,

    Plaintiffs,

v.

CERTAIN UNDERWRITERS AT LLOYD'S,
LONDON, SUBSCRIBING TO CERTIFICATE
NUMBER ARP-75203-20,

    Defendant.
_____/

## ORDER OF DISMISSAL

**THIS CAUSE** is before the Court *sua sponte.* Upon review of Plaintiffs' First Amended Complaint (DE [15]), the Court observed that Plaintiff failed to properly plead the citizenship of the parties as required to establish diversity jurisdiction. 28 U.S.C. § 1332. In an Order to Show Cause (DE [26]) entered October 23, 2020, the Court directed Plaintiff to submit a Supplemental Complaint setting forth the citizenship of the Defendant members and the citizenship of the Plaintiff limited liability company. *See Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004) (citizenship of LLC includes citizenship of each member); *Underwriters at Lloyd's, London v. Osting-Schwinn*, 613 F.3d 1079, 1090 (11th Cir. 2010) (citizenship of Lloyd's, London syndicate members must be alleged for diversity jurisdiction); *Big League Ventures, LLC v. Certain Underwriters at Lloyd's London,* 2020 WL 6037239, at *2 (S.D.

Fla. May 31, 2020) (amount in controversy must be met for each name subscribing to the subject syndicate).

Plaintiff then filed a Second Amended Complaint (DE [27]) that alleged the citizenship of the Defendant syndicate but failed to state the citizenship of the Plaintiff LLC's members. The Court entered an Order (DE [28]) striking the Second Amended Complaint and again instructed Plaintiff to file a Supplemental Complaint setting forth the allegations supporting diversity jurisdiction. The Court warned that the case would be dismissed without prejudice if Plaintiff failed to establish diversity jurisdiction.

On October 30, 2020, Plaintiff filed a Supplemental Complaint that again failed to list the citizenship of the Plaintiff LLC's members: "At all material times relevant to this Complaint, RUNWAY 84 REALTY, LLC, has been incorporated in the State of Florida, held its principle place of business in the State of Florida, is a citizen of the State of Florida, and is otherwise sui juris." (DE [29], ¶ 3). But conclusory allegations regarding jurisdiction without factual support are not enough:

> The party invoking the jurisdiction of the court has the duty to establish that federal jurisdiction does exist, ... but, since the courts of the United States are courts of limited jurisdiction, there is a presumption against its existence.... Thus, the party invoking the federal court's jurisdiction bears the burden of proof....
>
> If the parties do not raise the question of lack of jurisdiction, it is the duty of the federal court to determine the matter *sua sponte*.... Therefore, lack of jurisdiction cannot be waived and jurisdiction cannot be conferred upon a federal court by consent, inaction or stipulation....

*Fitzgerald v. Seaboard Sys. R.R.,* 760 F.2d 1249, 1251 (11th Cir. 1985) (quoting *Basso v. Utah Power and Light Co.,* 495 F.2d 906, 909 (10th Cir.1974)).

2

The Court has a responsibility to ensure jurisdiction over the action. *Williams v. Best Buy Co.,* 269 F.3d 1316, 1318 (11th Cir. 2001). The parties cannot agree to jurisdiction, nor can the Court create jurisdiction where none exists. *Fitzgerald,* 760 F.2d at 1251. Although the parties and the Court have expended great effort on the merits of this case, without subject matter jurisdiction, the Court cannot entertain the merits. *Thermoset Corp. v. Building Materials Corp. of America,* 849 F.3d 1313 (11th Cir. 2017). Plaintiffs have not met the burden of establishing diversity jurisdiction. Accordingly, it is hereby

**ORDERED AND ADJUDGED** that this cause is **DISMISSED WITHOUT PREJUDICE.** The Clerk of Court is directed to **CLOSE** this case and **DENY AS MOOT** any pending motions

**DONE AND ORDERED** in Chambers, Fort Lauderdale, Florida, this 30th day of October 2020.

_____
RAAG SINGHAL
UNITED STATES DISTRICT JUDGE

Copies furnished counsel via CM/ECF